1  Mark Holscher (SBN 139582)
2  mark.holscher@kirkland.com
   Michael Shipley (SBN 233674)
3  michael.shipley@kirkland.com
   Kirkland & Ellis LLP
4  333 South Hope Street, Suite 2900
5  Los Angeles, California  90071
   Telephone:  (213) 680-8400
6  Facsimile:   (213) 680-8500
7
8  Attorneys for Defendants Amir and Kathy
   Heshmatpour
9

10

11              UNITED STATES DISTRICT COURT

12        FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14 BANNER BANK,                    )  Case No. CV-13-02174 GHK (JCx)
                                   )
15              Plaintiff,         )  **DEFENDANT AMIR**
                                   )  **HESHMATPOUR'S OPPOSITION**
16                                 )  **TO MOTION FOR CHARGING**
        vs.                        )  **ORDER**
17                                 )
18 VESSEL ISABELLA, et al.,        )
                                   )  Date:       May 28, 2013
19                                 )  Time        9:30 a.m.
              Defendants.          )  Courtroom: 20
20                                 )
21                                 )
                                   )
22 _____)

23

24

25

26

27

28

## I.   INTRODUCTION

Almost ten years ago, Plaintiff Banner Bank foreclosed on a $598,000 vessel note taken out by Defendants Amir and Kathy Heshmatpour.  The vessel—defendant Isabella—was seized by the marshal and sold.  A judgment against the Heshmatpours for the $429,893.86 deficiency was entered in the Western District of Washington on November 6, 2003.  After letting interest accrue on the judgment for a decade, the Bank certified the judgment in this district on December 18, 2012.  It now seeks to enforce the award—$711,899.75 as of March 6, 2012—against the Heshmatpours.

In the instant motion, the Bank seeks a so called "charging order"—an order requiring any distributions that would normally be paid to an owner to be paid instead to a judgment creditor—against the membership interests in a Delaware limited liability company called AFH Holding & Advisory LLC.  The Bank must satisfy an essential burden for its motion:  it needs to establish through admissible evidence that one of the debtors on the judgment is an owner of membership interests in the LLC.

The Bank may take extensive discovery in support of its collection efforts.  In fact, it has requested, but not yet obtained, discovery in this case.  Instead of waiting to get the evidence it needs, however, the Bank relies on only a declaration stating that its counsel is "informed and believe[s] that Mr Heshmatpour is the founder, managing director and member" of AFH, and attaches various hearsay exhibits that, in any event, do not establish that to be the case.  The declaration thus fails to provide the Court with any of the required *evidence* necessary to sustain the Bank's burden.  Because the Bank has not carried its burden, the motion must be denied.

## II.   THE BANK HAS NOT MET ITS BURDEN TO ESTABLISH THAT MR. HESHMATPOUR IS A MEMBER OF AFH.

"Federal Rule of Civil Procedure 69 governs the enforcement of final judgments in federal courts[.]"  *Merch. Transaction Sys., Inc. v. Nelcela, Inc.*, CV-02-1954-PHX-FJM, 2011 WL 4625716, at *3 (D. Ariz. Sept. 6, 2011) *report and*

*recommendation adopted*, CV 02-1954-PHX-FJM, 2011 WL 4625650 (D. Ariz. Oct. 5, 2011).  "Under Rule 69, federal courts follow state law in post-judgment collection proceedings, including any request for a charging order on judgment debtors' interest in limited liability companies."  *Id.*

In general, the assets of a limited liability company are not liable upon a money judgment rendered against a member personally.  *See* Hon. A. Ahart, *Enforcing Judgments & Debts* § 6:1465 (2013 online ed.).  "LLC assets are not subject to execution unless the judgment is against the . . . LLC itself."  *Id.*  Under California's Enforcement of Judgments Act, to satisfy a money judgment against a member of an LLC, but not against the LLC itself, a judgment creditor can obtain "an order charging the judgment debtor's interest pursuant to [§] 17302 of the Corporations Code."  Cal. Civ. Proc. Code § 708.310.  That provision provides that "[o]n application by a judgment creditor of a member or of a member's assignee, a court having jurisdiction may charge the assignable membership interest of the judgment debtor to satisfy the judgment."  Cal. Corp. Code § 17302(a).[1]  The entry of the order gives the creditor the right to receive any distributions to which the judgment debtor would otherwise be entitled.  *See generally Great W. Bank v. Kong*, 90 Cal. App. 4th 28, 31 (2001).  But it does not give the creditor an ownership interest in the LLC's assets or any right to control the LLC itself.  *See Evans v. Galardi*, 16 Cal. 3d 300, 310–11 (1976).  Obtaining a charging order is the exclusive remedy against a judgment debtor's LLC

_____

[1]   Because, as the Bank admits, AFH is a Delaware LLC, Delaware law applies under the internal affairs doctrine to fundamental questions regarding the structure and organization of AFH.  California and Delaware law are essentially the same with respect to obtaining a judgment over a debtor's interests in an LLC.  6 Del. Code § 18-703.  The Court thus need not address the choice of law issue at this time.

interests.  Cal. Corp Code. § 17302(d).

In order for a charging order to issue, the judgment debtor must actually hold a *membership interest in the LLC* whose interests are to be charged.  *See Litke O'Farrell, LLC v. Tipton*, 204 Cal. App. 4th 1178, 1180 (2012) (reversing charging order when wife had no community property interest in LLC in which husband was a member).  As in any debt collection proceeding, the burden of proving that the judgment debtor has title to property against which a judgment can be satisfied falls on the judgment creditor.  *See generally Bank of Am. of Cal. v. Slingerland*, 128 Cal. App. 32, 33, 16 P.2d 756, 757 (1932).  The Bank thus must come forward with *admissible evidence* establishing by a preponderance of the evidence that Mr. Heshmatpour owns a membership interest in AFH.  *See* Fed. R. Evid. 1101(a), (d) (Rules of Evidence apply to all proceedings in district court; no exception for proceedings under Rule 69).[2]  Here, the Bank has not met its burden.

The only evidence the Bank offers on this point is the Declaration of Mary Haas—the Bank's attorney—and its six exhibits.  In the declaration itself, Ms. Hass states that "I am informed and believe that Mr. Heshmatpour is the founder, managing director, and member" of AFH.  Haas Decl. ¶ 6.  But a declaration on information and belief is not personal knowledge, *see Taylor v. List*, 880 F.2d 1040, 1046 n.3 (9th Cir. 1989); Fed. R. Evid. 602, so the statement itself provides no admissible evidence of the facts to which it attests.

The exhibits fare no better.  Exhibit A is a compilation of the following:  (1) a copy of the Articles of Organization of a *Nevada* limited company called AFH Holding and Advisory LLC; (2) lists of its members from 2005 to 2010, which identify Mr. Heshmatpour as a member and manager; and (3) an Articles of

---

[2]   Indeed, in aid of securing that evidence, Rule 69(a)(1) specifically permits the taking of discovery under either the federal rules or the forum state's procedures.

Conversion showing that the Nevada LLC was converted into a Delaware law entity in 2011. Even assuming these documents fall within a hearsay exception—which they do not because the declaration lays no foundation for them as such, *cf.* Fed. R. Evid. 803(8), (14)—at best these documents show that Mr. Heshmatpour was a member of the *Nevada* LLC from 2005 to 2011. But these documents provide nothing at all suggesting, much less establishing, that two years after the Nevada entity was dissolved, Mr. Heshmatpour is *currently* a member of the present Delaware-law incarnation of AFH.

Exhibit B is a Certificate of Formation for AFH Holding and Advisory, LLC, filed with the Delaware Secretary of State. It identifies Mr. Heshmatpour as the "manager" of AFH. But under Delaware's LLC Act, a "manager"—the person who manages an LLC's affairs—is not the same thing as a "member"—a person with an ownership interest. *See* 6 Del. Code § 18-101(10) (defining "Manager"), (11) (defining "Member"). The Act envisions the potential for both managing members as well as non-member managers. *See* 6 Del. Code § 18-403 (providing that a manger of Delaware LLC "*may* make contributions to the limited liability company and share in the profits and losses of, and in distributions from, the limited liability company as a member" (emphasis added). California LLC law is the same. Cal. Corp. Code § 17151 ("[M]anagers . . . may, but need not, be members."). Thus, this document also fails to establish Mr. Heshmatpour's ownership of or member status in AFH.

Exhibit D is a printout of what is purportedly part of AFH's webpage. Haas Decl. ¶ 10. The printout lists Mr. Heshmatpour as "Founder & Managing Director" of

AFH.[3]  This too does not say that Mr. Heshmatpour is an owner or member of AFH. Indeed, many companies are no longer owned by their "founders."  And nothing about the title "managing director" necessarily implies an equity holding.  Further, given that AFH is not a party to this action and no foundation for any hearsay exception or exclusion has been provided, this document is inadmissible hearsay.  Fed. R. Evid. 801–802.

Similarly, Exhibit E—a press release issued by UCLA—does not actually say that Mr. Heshmatpour is an owner or member of AFH.  And in any event, it is rank hearsay without an established exception.  *Id.*

Finally, Exhibit F is a series of real estate documents showing that AFH owns real estate located at 6363 Lunita Road in Malibu, California.  The Haas declaration asserts—again only on information and belief—that the Heshmatpours live there. Haas Decl. ¶ 13.  As noted, a declaration on information and belief is not evidence, *see Taylor v. List*, 880 F.2d 1040, 1046 n.3 (9th Cir. 1989); Fed. R. Evid. 602, so the declaration provides no actual *evidence* that the Heshmatpours actually live at that Malibu address.  In any event, the fact that the Heshmatpours may reside in a property owned by AFH does not necessarily mean that Mr. Heshmatpour has an equity interest in the company that owns the property.

*       *       *

As a judgment creditor, the rules provide the Bank with viable means of obtaining discovery to find out what the Heshmatpours actually own.  *See* Cal. Code Civ. Proc. §§ 708.010–205.  Indeed, in this very matter, the Bank has served the

---

[3]   The Haas declaration states that Ms. Haas "reviewed AFH's website" and claims that the website asserts—apparently elsewhere—that Mr. Heshmatpour is a member of AFH.  Haas Decl. ¶ 10.  Given that Ms. Haas provides no reason why originals or duplicates of these pages could not have been printed out and attached to her declaration, her testimony as to their contents is inadmissible.  Fed. R. Evid. 1002–1004.

Heshmatpours with interrogatories, subpoenas duces tecum for documents, and subpoenas for judgment debtor examinations of the Heshmatpours, as well as an examination of AFH's controller Laura Gay. *See* Dkt. Nos. 10-15. But instead of waiting to avail itself of this discovery, the Bank jumped the gun and filed a premature motion to charge the LLC interests of AFH based upon hearsay, information and belief, and documents that do not actually establish that Mr. Heshmatpour has any ownership interest in AFH. The Bank has thus manifestly failed to carry its burden of proving this fact by a preponderance of the evidence. This motion must be denied.

DATED: May 7, 2013                  Respectfully Submitted,

                                    KIRKLAND & ELLIS LLP


                                    By:   /s/ Michael Shipley
                                             Michael Shipley

                                    Attorneys for Defendants
                                    Amir and Kathy Heshmatpour